UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PATRICK CLAY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-10-60 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
| | § | |
| Respondent. | § | |

## ORDER OF SUMMARY DISMISSAL

Petitioner is an inmate in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") and currently is incarcerated at the Connally Unit in Kennedy, Texas. Proceeding *pro se* and *in forma pauperis,* petitioner filed an original habeas corpus petition pursuant to 28 U.S.C. § 2254 on February 23, 2010, challenging the results and punishment imposed in a disciplinary proceeding at the McConnell Unit in Beeville, Texas (D.E. 1).

## JURISDICTION

Jurisdiction is proper in the Southern District of Texas because petitioner was convicted of Aggravated Robbery in the 263rd District Court of Harris County, Texas (D.E. 1). 28 U.S.C. 2241(d); Wadsworth v. Johnson, 235 F.3d 959 (5th Cir. 2000).

## BACKGROUND

Petitioner currently is serving an eighty-year sentence for aggravated robbery (D.E. 1 at 2). He challenges the results of a disciplinary hearing. In disciplinary case number 20100026760 petitioner was accused and found guilty of making an unauthorized commodity exchange with another inmate by accepting a deposit of $50 into his trust

fund account from the mother of the inmate (D.E. 1, Attachment 1).  Petitioner's punishment included loss of 30 days of recreation time, loss of 30 days of commissary privileges, and a reduction in his line class from S3 to L1 (D.E. 1 at 5 & Att. 1).  Petitioner did not lose any earned good conduct credits (D.E. 1 at 5).

## APPLICABLE LAW

A.   **Summary dismissal**

Rule 4 of the Rules Governing Section 2254 Cases requires that a judge promptly examine a petition for relief.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  *Id.*

B.   **Due Process Rights**

Petitioner claims his due process rights were violated because the evidence was insufficient to convict him of the disciplinary offense.  Petitioner claims he had no evidence or knowledge that his friend's mother would deposit funds into his inmate trust account and he is not guilty of the disciplinary offense charged.

In order to be granted a writ of habeas corpus, a petitioner must show that he is in custody in violation of the Constitution, laws or treaties of the United States.  In Sandin v. Conner, 515 U.S. 472, 483-484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995), the U.S. Supreme Court described the limited instances in which prison inmates can make out a claim that a liberty interest has been taken without due process.

> The time has come to return to the due process principles we believe were correctly established and applied in [Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974)] and [Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532

> (1976)].  Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. (internal citations omitted).  The Supreme Court held in Sandin that confinement in disciplinary segregation for twenty-three hours and ten minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest."  Sandin, 515 U.S. at 486, 115 S.Ct. at 2301.  The Court focused on the nature of the liberty interest at issue, finding that conditions of disciplinary segregation did not differ significantly from conditions in administrative segregation and protective custody.  Id.

    **1.  Line Class**

To the extent petitioner is complaining about a reduction in line class, he fails to state a basis of relief.  Generally a lower classification of line class limits an inmate's ability to earn good time credits, which could have an effect on his eligibility for parole and in turn, on the amount of time he is in custody.  Even so, "such speculative, collateral consequences do not create constitutionally protected liberty interests."  Luken v. Scott, 71 F.3d 192 (5th Cir. 1995)(citing Meachum v. Fano, 427 U.S. 215, 229, n. 8, 96 S.Ct. 2532, 2540, n. 8, 49 L.Ed.2d 451 (1976)), cert. denied sub nom. Luken v. Johnson, 116 S.Ct. 1690 (1996).  "'Prisoners have no protectable property or liberty interest in custodial classifications.'"  Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999)(citing Whitley v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998)).  See also Malchi v. Thaler, 211 F.3d

959 (5th Cir. 2000) (holding that timing of inmate's release is too speculative to afford him a constitutionally cognizable claim to the right to a particular time-earning status, which right the Texas legislature has specifically denied creating).  Accordingly, petitioner has failed to state a constitutional claim based on his reduction in line class.

### 2. Loss of privileges

Petitioner also lost commissary and recreation privileges for 30 days.  Loss of privileges do not implicate due process concerns.  Malchi v. Thaler, 211 F.3d at 958.  Summary dismissal is appropriate.

### C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, the issue of whether he is entitled to a COA will be addressed.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Where a district court rejects the constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Slack v. Daniel, 529 U.S. 473, 484, 120 S.Ct. 1604, 146 L.Ed.2d 542 (2000). Petitioner's cause of action is summarily dismissed because he failed to demonstrate that he had a liberty interest protected by the Due Process clause of the Constitution. The law is well settled in this area. Reasonable jurists would not find it debatable that petitioner's petition is subject to summary dismissal.

## CONCLUSION

Petitioner's cause of action is summarily dismissed because petitioner has no constitutionally protected liberty interest in his line class or in his commissary and recreation privileges. Petitioner is denied a certificate of appealability.

SIGNED and ORDERED this 24th day of February, 2010.

*Janis Graham Jack*
Janis Graham Jack
United States District Judge